IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DEBBIE AMARO**

    **Plaintiff,**

**v.**

**BJC HEALTHCARE d/b/a
BARNES-JEWISH HOSPITAL,**

    **Defendant.**                                      Case No. 08-cv-590-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

### I. INTRODUCTION

Before the Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 7) and Plaintiff's Motion for Remand (Doc. 8). After receiving extensions of time, both motions have been fully briefed by the Parties and are ripe for determination. Defendant asserts that it was incorrectly named in this suit as "BJC HealthCare d/b/a Barnes-Jewish Hospital," when, in fact, its correct name is "Barnes-Jewis Hospital" (Doc. 7, p. 1). After timely removing this case on the basis of diversity jurisdiction, **28 U.S.C. § 1332**, Defendant filed its Motion to Dismiss for Lack of Jurisdiction, claiming Plaintiff cannot establish personal jurisdiction in Illinois over Defendant. Plaintiff, in turn, challenges Defendant's removal of this case, arguing that Defendant failed to adequately demonstrate the existence of diversity jurisdiction – specifically, that the amount in controversy exceeds $75,000.

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." ***Ex parte McCardle*, 7 Wall. 506, 514 19 L. Ed. 264 (1868); *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998);** *see also **McCready v. White,* 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject matter jurisdiction is the court's first duty in every lawsuit.")**. In fact, federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. *See **Kreuger v. Cartwright*, 996 F.2d 928, 930-31 (7th Cir. 1993); *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986)**. If the Court is without jurisdiction in this matter, it will not be able to consider whether personal jurisdiction over Defendant exists. Therefore, the Court shall first address Plaintiff's Motion to Remand. For reasons discussed herein, the Court finds that a remand is necessary.

## II. DISCUSSION

### A. Legal Standard

#### 1. Removal

As stated previously, Defendant removed this case of the basis of diversity jurisdiction. The removal statute, **28 U.S.C. § 1441**, is construed narrowly

and doubts concerning removal are resolved in favor of remand. ***Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)**. Defendant bears the burden to present evidence of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt. ***See In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997)**. "A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.'" ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)(citations omitted)**. However, if the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to **28 U.S.C. § 1447(c)**.

2. ***Diversity Jurisdiction - Amount in Controversy***

The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." ***Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted)**. The status of the case as disclosed by a plaintiff's complaint is controlling on the issue as to whether the case is removable. ***St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938)**.

When the amount in controversy is at issue, if the face of the complaint establishes that the suit cannot involve the necessary amount, the case should be remanded. ***Id.* at 291-92**. "Accepted wisdom" provides that a plaintiff's evaluation of the stakes must be respected when deciding whether a claim meets the amount in controversy requirement for federal diversity jurisdiction. ***Barbers, Hairstyling for Men & Women, Inc. v. Bishop*, 132 F.3d 1203, 1205 (7th Cir. 1997) (citing *St. Paul Mercury*, 303 U.S. at 289)**. However, a plaintiff "may not manipulate the process" to defeat federal jurisdiction and force a remand once the case has been properly removed. ***Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993)(citations omitted)**.

If the Plaintiff's prayers for relief do not specify a monetary amount, "the [C]ourt may look outside the pleadings to other evidence of jurisdictional amount in the record." ***Chase*, 110 F.3d at 427 (internal citations omitted)**. Yet, the Court must only analyze "evidence of amount in controversy that was available at the moment the petition for removal was filed." ***Id.* (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992))**. The evidence shown to be available at the time of removal must prove to a reasonable probability that the jurisdictional amount was met. ***Id.***

In determining whether the jurisdictional threshold amount has been met, pursuant to § 1332, the Court must evaluate "the controversy described in the plaintiff's complaint and the record as a whole, as of the time the case was filed."

***Uhl v. Thoroughbred Tech. and Telecomm., Inc.*, 309 F.3d 978, 983 (7th Cir. 2002) (citing *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993))**. Refusing to stipulate that the damages sought were $75,000 or less at the time of removal creates the inference that a plaintiff believes her claim(s) could be worth more. ***Workman v. United Parcel Service, Inc.*, 243 F.3d 998, 1000 (7th Cir. 2000)**. If little information is provided as to the value of a plaintiff's claims from the onset, a court can find, at times, that a defendant's "good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." ***Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (citing *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004))**. Once subject matter jurisdiction has been established, it can only be defeated if a plaintiff presents "to a legal certainty that the claim [was] really for less than the jurisdictional amount" at the time of removal. ***Id.* (citations omitted)**.

**B.   Analysis**

In determining whether a remand is warranted in this case, the Court must look at whether the allegations of Plaintiff's Complaint show that the amount in controversy exceeded $75,000. If the allegations are not specific, the Court must then look to whether Defendant's estimate of the amount in controversy in this case was "plausible and supported by a preponderance of the evidence."

In her Motion to Remand, Plaintiff asserts that her Complaint seeks damages not in excess of $50,000. Along with her Complaint, Plaintiff also filed an

Affidavit, signed by her attorney, averring, pursuant to **ILLINOIS SUPREME COURT RULE 222(b)**, that the damages sought in her suit did not exceed $50,000. In fact, Plaintiff originally filed her Complaint with the Arbitration Division of the Circuit Court of St. Clair County, Illinois. The Arbitration Division handles civil lawsuits for which the damages sought range between $5,000 and $50,000. Plaintiff further argues that Defendant has offered no evidence to support their claim that the amount in controversy has been met.

In her Complaint, Plaintiff alleges that Defendant "[n]egligently and carelessly placed [her] in a room with a patient known to Defendant to be dangerous; [n]egligently and carelessly asked [her] to assist in the care of another patient;" and "[n]egligently and carelessly exposed [her] to a dangerous patient" (Doc. 2, Ex. 1 - Complaint, ¶ 3). Regarding her injuries, Plaintiff alleges that she suffers and continues to suffer "severe and extreme pain and suffering;" as well as "nightmares, anxiety and clinical depression" (*Id*. at ¶ 4). Due to her injuries, Plaintiff alleges she has incurred "medical bills for care, treatment and services." Plaintiff prays for an amount in damages "not in excess of $50,000" (*Id*.).

In support of removal, Defendant argues that it is "more likely than not" that Plaintiff seeks more than the jurisdictional amount of $75,000 in damages (Doc. 2, ¶ 18). Defendant further counters that the affidavit, signed by Plaintiff's attorney and attached to her Complaint, stating that the damages sought are not in excess of $50,000, is not "binding" because it was not signed by Plaintiff herself, and that only a binding stipulation as to damages sought can prevent removal (*Id*. at ¶ 9,

citing ***Chase v. Shop 'N Save Warehouse Foods, Inc.***, **110 F.3d 424, 427 (7th Cir. 1997)**). Further, pursuant to **ILL. SUP. CT. R. 222(b)**, Defendant notes that this affidavit can later be amended to state that Plaintiff is seeking over $50,000 in damages. In other words, that Plaintiff's choice of forum (the Arbitration Division) is also not binding.

The Court finds that ***Chase***, the case to which Defendant cites regarding its assertion that a stipulation regarding the amount of damages must be binding in order to prevent removal, is factually distinguishable from the instant suit. In ***Chase***, the plaintiff only filed the affidavit regarding damages *after* the case was removed, thereby reducing the requisite amount of damages sought. ***Chase*, 110 F.3d at 429**. The damages clause in the plaintiff's complaint simply prayed for "damages in excess of $15,000." **Id. at 427-28**. Here, the affidavit – although Defendant argues it is non-binding and able to be subsequently amended – was filed with Plaintiff's Complaint, *prior* to removal. The Complaint itself also prayed for damages *below* the requisite amount in controversy. Further, should Plaintiff wish to amend the affidavit regarding damages sought under **Rule 222(b)**, she must first seek leave of court for good cause shown and only if it is clear that no party will suffer prejudice therefrom. **ILL. SUP. CT. R. 222(b)**. The Court does not believe that the damages clause can simply be amended at Plaintiff's leisure in an attempt to first prevent removal and then later seek more damages once the time to remove has past or the case has been remanded.

Considering only the allegations of Plaintiff's Complaint and the evidence available at the time of removal, it does not show to a reasonable probability that the amount in controversy exceeds $75,000. To the contrary, the allegations indicate that the requisite amount in controversy has not been met. Defendant has not proven otherwise. Merely speculating that it is "more likely than not" that Plaintiff's damages will exceed $75,000 is insufficient to warrant removal. Without more, the Court cannot find that diversity jurisdiction exists and thus, this case must be remanded. Because the Court finds that it has no jurisdiction over this case, it cannot decide Defendant's Motion to Dismiss for Lack of Personal Jurisdiction. This motion shall remain pending before the circuit court.

## III. CONCLUSION

For the reasons discussed in this Order, the Court finds diversity jurisdiction does not exist in this case and thus, it has no jurisdiction over the matter. As such, it must **GRANT** Plaintiff's Motion to Remand (Doc. 8). Accordingly, pursuant to **28 U.S.C. § 1447(c)**, it hereby **REMANDS** this case back to the Circuit Court of St. Clair County, Illinois.

**IT IS SO ORDERED**.

Signed this 5th day of January 2009.

/s/      *DavidRHerndon*
**Chief Judge**
**United States District Court**